IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PURDUE PHARMA LP, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 15-292-RGA |
| | : | |
| ACURA PHARMACEUTICALS INC., et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

I now have a "Joint Motion to Vacate" (D.I. 61) pending before me. This is patent case.

Defendants asked for an early claim construction of one term. (D.I. 17 at 8). It was suggested

that construing the claim as Defendants requested would expedite resolution of the case as

Plaintiffs would be left with no viable infringement theory.

I did the early claim construction. (D.I. 48). I accepted Plaintiffs' proposed construction.

That was about four months ago. Today, the parties jointly stipulated to dismissal. (D.I. 60).

The early claim construction seems to have had a beneficial effect.

The motion to vacate says, "[p]ursuant to the Settlement Agreement, the parties . . .

jointly move the Court to vacate the claim construction orders and decisions in the present case."

No argument is offered in support of this request.

I have had this issue arise once before. There the Plaintiff wanted me to vacate nine

claim constructions, which made sense to me (although I did not grant the request), as the claim

constructions had been adverse to Plaintiff. Here, the construction was adverse to Defendants, so

it is not obvious to me why either party would want the claim construction vacated.

In any event, I will deny the motion.  I think I should only grant it if there are exceptional circumstances present.  *See Cisco Systems, Inc. v. Telcordia Techs, Inc.*, 590 F.Supp.2d 828, 830 (E.D. Tx. 2008).  No such circumstances have been suggested, and none occur to me.

The motion (D.I. 61) is **DENIED**.

IT IS SO ORDERED this 14 day of May 2016.

United States District Judge